United States District Court
Southern District of Texas
FILED

APR 0 7 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OSCAR A. GONZALEZ-BARAJAS )
)
)
v. ) C.A. No. B-03-067
)
PHILIP D. TUTAK, DHS INTERIM DISTRICT) INS A No. 41 634 504
DIRECTOR FOR INTERIOR ENFORCMENT,)
and )
JOHN ASHCROFT, ATTORNEY )
GENERAL OF THE UNITED STATES. )

### PETITION FOR WRIT OF HABEAS CORPUS

Oscar Gonzalez-Barajas, Petitioner, files the instant Petition for Writ of Habeas Corpus, and shows as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction herein arises under 28 U.S.C. §§2241 (habeas corpus) and 1331 (federal question).

2. The Petitioner Mr. Gonzalez-Barajas is under an administratively final order of removal (See Exhibit A) which order places significant restrictions on his liberty not shared by the populace at large, including the fact that he cannot travel outside of the United States. *Jones v. Cunningham*, 371 U.S. 236, 240(1963). His immigration proceedings were held and terminated at the Harlingen, Cameron County, Texas, Immigration Court.

3. The Respondent Philip Tutak maintains his offices in Cameron County, Texas, within the jurisdiction of this court.

### II. THE PARTIES

4. Petitioner Mr. Gonzalez-Barajas has been a legal permanent resident for fifteen (15) years. He is a twenty-nine (29) year old native and citizen of Mexico who became a legal permanent resident at the age of fourteen (14). He has a single state court judgment of community supervision/probation on September 16, 1997 for

possession of marijuana occurring in Kleberg County, Texas, for a criminal act occurring on December 11, 1996. Besides this single possession offense, the Petitioner Mr. Gonzalez-Barajas has a strong record as a productive member of American society.

5. Respondent Philip Tutak is the Interim District Director for Interior Enforcement, Department of Homeland Security, Cameron County, Texas (herein "DHS"). He is sued in his official capacity only.

6. Respondent John Ashcroft is the Attorney General of the United States. He is also sued in his official capacity only.

### III. THE FACTS

7. Petitioner Mr. Gonzalez-Barajas was admitted to the United States as a lawful permanent resident (herein "LPR") when he was fourteen (14) years old, on or about 1988. He has lived at the same address in Brownsville, Texas since 1992. He has a strong work record, has filed his federal income tax returns every year since 1988, and has United States citizen siblings and legal permanent resident parents and siblings. He registered for the selective service in 1992.

8. On or about December, 1997 he was given probation for first time possession of marijuana for five (5) years.

9. Immigration proceedings against Petitioner began in November 14, 1997 charging removability based on a violation of law involving controlled substances which Petitioner denied. He was not charged with having committed an aggravated felony. A copy of the Notice to Appear ("NTA" herein) is attached as Exhibit B. His application for cancellation of removal was filed on April 23, 1998 and the filing fee of One Hundred Dollars ($100.00) paid at the same time to the government agency, Immigration and Nationalization Service, which accepted and took the fee. On February 22, 1999, the Immigration Judge terminated immigration proceedings against Mr. Gonzalez-Barajas, and the Respondents appealed.

10. After a delay of about four (4) years, the Board of Immigration Appeals (BIA) issued its opinion on March 6, 2003, sustaining the appeal and determining the removability of Mr. Gonzalez-Barajas. A copy of the BIA decision is attached as Exhibit A hereto. Petitioner alleges that except for the administrative proceedings detailed herein, he has sought no court review of the validity of any immigration court order or BIA decision prior to the filing of this instant suit. He has not been

deported from the United States.

11. The Petitioner exhausted his administrative remedies without having an opportunity to present his claim for relief under Immigration and Nationality Act, 8 U.S.C. 1229 B(a), cancellation of removal for legal permanent residents. Mr. Gonzalez-Barajas urges that because he has lived in the United States for many years, because of his many United States citizen and legal permanent resident family members living in South Texas, because of his single offense, because of his work record in the U.S., and because he paid the filing fee which was accepted by then-INS, his application for cancellation of removal should be heard on the merits by the Immigration Court.

12. From the time of Petitioner's criminal conduct and subsequent involvement in immigration courts, from December, 1996 to the present, several significant legal developments in immigration law impacted this case as follows:

√On March 3, 1999, the BIA decided that *Manrique*, 21 I & N Dec. 58 (BIA 1995) had been superseded by 8 USC Sec. 1101(a)(48)(A). *Matter of Roldan*, Int. Dec. 3377 (BIA 1999).

√Then on May 11, 2001, in *U.S. vs. Hernandez-Avalos*, 251 F. 3rd 505 (5th Cir. 2001), the Fifth Circuit held that felony possession of a controlled substance constituted an aggravated felony and suggested that uniformity would be promoted if the interpretation of the sentencing guidelines were applied to immigration cases.

√Finally, in 2002, the Board ruled in *Matter of Yañez*, 23 I&N Dec. 390(BIA 2002) that it will defer to the law of the federal circuit court to determine whether or not a drug trafficking offense is an aggravated felony.

13. Because Mr. Gonzalez-Barajas has such substantial roots in the United States, has so many family members here and demonstrates such a good employment record, it is likely that he would have qualified for cancellation of removal had his case been heard on the merits.

14. Upon information and belief, Petitioner alleges that a significant number of legal permanent residents (herein LPRs) who were otherwise similarly situated, in that they plead guilty to a criminal offense involving simple first time possession of marijuana have either: 1) Received *Manrique* treatment and their proceedings were terminated without further appeal; or 2) filed for and received cancellation of removal.

## IV. THE CAUSE OF ACTION

### HABEAS CORPUS

Petitioner reasserts and incorporates by reference paragraphs 1- 14   herein.

Petitioner Mr. Gonzalez-Barajas asserts that the removal order violates the laws and Constitution of the United States, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

#### 1. *Impermissible Retroactive Application of Law*

Petitioner alleges that the 2003 Board decision impermissibly violated his due process rights and federal law as enunciated in *INS v. St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271, 150L. Ed 2d 347 (2001).  Mr. Gonzalez-Barajas urges that the interpretation of the law, as reflected in the  BIA decision, constitutes retroactive application of the law to him. At the time of his conviction, at the time the Notice to Appear issued (which does not even allege the commission of an aggravated felony), at the time of the filing of the application for cancellation of removal and at the time of termination of proceedings, under the law of the circuit, the Petitioner remained eligible for cancellation of removal with no statutory bar due to an aggravated felony.  Not until  2001, approximately five (5) years after his crime, was it determined that his act constituted an aggravated felony.

#### 2. *Statutory   Construction*

##### a. Aggravated Felony

Mr.  Gonzalez-Barajas  urges  that   the  BIA  erred  as  a  matter  of  law  in determining  that  his  conviction  for  simple  first-time  possession  constitutes  an aggravated felony.  The NTA  does not even allege an aggravated felony. There is no allegation of or evidence of drug trafficking. The charge, guilty plea and judgment all relate to simple possession of marijuana. Until the decision of March 6, 2003, approximately seven (7) years after the criminal act, no prior immigration

court had determined that the first time simple possession conviction constituted an aggravated felony. The Immigration Judge in his oral decision specifically stated that:

> ...(B)ut he has not been convicted of an aggravated felony as defined under Section 101(a)(23)(B) of the Immigration & Nationality Act, plus he is not removable as such pursuant to Section 237(a)(2(A)(iii)." Decision of the Immigration Judge at 2 (1999).

The record is devoid of evidence of any charge or element of drug trafficking.

### b. Definition of Conviction

Petitioner further contends that the BIA, as a matter of law, incorrectly interpreted the meaning of as well as the the Congressional intent of 8 U.S.C 1101(a)(48)(A), as amended in 1996. Specifically, Mr. Gonzalez-Barajas urges that Congress did not intend to repeal the Federal First Offenders Act as applied to immigrants and/or Congress did not intend by its re-definition of "conviction" to include cases, such as Petitioner's, who have received probation/community supervision from a state criminal court for a first time, simple possession of a controlled substance.

### 3. Equal Protection

#### i. Differing Results Depending of Federal or State Criminal Prosecution

Petitioner Gonzalez-Barajas also claims that the BIA's interpretation of the law as applied to this case violates equal protection because the Board interpretation turns on whether the immigrant was brought into state or federal court as to whether the Federal First Offender Act applies.

#### ii. Differing Results in Different Circuit Jurisdictions

Given the national scope of U. S. immigration law, Mr. Gonzalez-Barajas also asserts that it violates equal protection for the result of his case to hinge solely on the particular federal circuit in which removal proceedings are held. Had Mr.

Gonzalez-Barajas been in immigration proceedings in the Ninth Circuit, for example, he would not have been subject to removal at all; had the proceedings been begun in the Third or Eleventh Circuits, he would have been eligible to apply for cancellation of removal. Petitioner would further show that other immigrants whose immigration proceedings arose within the Fifth Circuit, and who successfully transferred venue to other immigration courts located in certain other circuit courts have prevailed on their cancellation of removal claims.

### iii. Different Results Due to Timing of Proceedings

Mr. Gonzalez-Barajas would show that the treatment of his case has depended on the timing of law changes and court rulings. This is best exemplified in the instant proceeding itself, in which the 2002 BIA decision, *Matter of Yañez*, op. cit., serves as the basis for the Board Decision. The BIA has completely ignored the *St. Cyr*, op.cit. decision of the U.S. Supreme Court of 2001, in its decision. Other varying results were also possible, based on court rulings in other cases, depending upon the date of hearing, date of law changes and date of court rulings. Some of these possibilities include:

| *Timing of Statute/Court Decisions* | *Result* |
|---|---|
| Between January, 1999-May 11, 2001 | Cancellation of Removal Hearing |

Petitioner Gonzalez-Barajas, acknowledges that he sought termination under the prevailing law at the time, which was granted to him, but he also believes that if he had received the cancellation of removal hearing he probably would have received the grant of the relief sought from the Immigration Court. It violates equal protection for the result of whether Mr. Gonzalez-Barajas is given an immigration court merits hearing and allowed the possibility of remaining in the United States, or instead is denied a merits hearing and barred from continued lawful permanent resident status, separated from his family and permanently barred from returning to

the United States, based solely on the timing of immigration proceedings. Even after *Manrique, op.cit.* was decided many other LPRs with the identical offense, it may be shown, received cancellation of removal until 2001.

### 4. Substantive Due Process

Petitioner Mr. Gonzalez-Barajas further and/or in the alternative asserts that a deportation of him from the United States would violate a fundamental liberty interest which he has to live and work in the United States and a right to unite with his family within the United States. *Landon vs. Plasencia*, 459 U.S. 21, 34 (1982); *Bridges vs. Wixon*, 326, U.S. 326 U.S. 135, 154(1945). In *Plasencia*, the Court wrote:

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom...Further she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. *Op. cit.* P.34.

As a lawful permanent resident, Mr. Gonzalez-Barajas enjoys the same Due Process rights, including substantive Due Process rights.

A violation of the constitutional protection to substantive due process exists when a provision, or a combination of provision, such as exists in this case operate together to create an unjustifiable conclusive presumption which is so broad that it does not meet a compelling state interest. *United States v. Salerno*, 481 U.S. 739, 747 (1987). In the instant case, the 1996 law changes brought by the Antiterrorism and Effective Death Penalty Act of 1996, the Illegal Immigration Reform and Immigrant Responsibility Act, which re-defined 8 U.S.C. Sec. 1101(a)(48)(A) regarding "conviction" and 8 U.S.C. 1229 B(a) which denied discretionary relief to anyone with an aggravated felony with the statutory and court established overly broad and variable definitions of the term, all create an unconstitutional presumption that all lawful permanent residents who have such a court adjudication should be barred from the United States, even when the state

criminal system has determined that it is appropriate as a first time offender with a simple, non-assaultive situation to forego an adjudication of guilt and to grant community supervision.

### 5. *Procedural Due Process*

Petitioner Mr. Gonzalez-Barajas, additionally and/or in the alternative, urges that the Board's decision deprives him of procedural due process as required by the U.S. Constitution. *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Petitioner asserts an entitlement to "fair notice" of a law change. In Mr. Gonzalez-Barajas' case, at the time of his criminal conduct, at the time of the probation, and when immigration proceedings began and were concluded by termination of proceedings, relief was available. But by the BIA delay in rendering a decision, and by applying the interpretation of law retroactively and selectively, the BIA was able to hold that only removal remained an option. This result could not have been contemplated at the time of Mr. Gonzalez-Barajas ' guilty plea or at the time the immigration proceedings were initiated, as shown by the NTA which itself does not charge removability based upon an aggravated felony. The concept of fair notice applies not just to criminal cases but also to civil penalties, such as removal. The U.S. Supreme Court has addressed the impermissible retroactive change in a civil penalty in *BMW vs. Gore*, 517 U.S. 559, 574, (1996). It stated:

> Elementary notice of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose.

Because Mr. Gonzalez-Barajas had no notice of the civil penalty--deportation-- facing him at the time he plead guilty and because the penalty is much harsher than it was at the time of either his criminal conduct and/or the date of the conviciton,

the law is imposed in a retroactively impermissible fashion. This legal permanent resident in the U.S. from a young age was without notice of the penalties facing him at the time of his 1997 guilty plea.

### 6. *International Law and Treaty Obligations*

As an additional or alternative basis for the granting of the Writ of Habeas Corpus, Petitioner Mr. Gonzalez-Barajas would show that the BIA decision violates international law and treaty obligations between the United States and Mexico, Mr. Polanco's birth place. *Universal Declaration of Human Rights*, U.N. Doc.A/811, Part III Articles 13, 15 and 26 (1948).

### 7. *Deprivation of Property Interest*

Mr. Gonzalez-Barajas, in addition or in the alternative, asserts a fundamental property interest based upon his payment of and the INS acceptance of One Hundred Dollars ($100) as the filing fee to the Immigration and Naturalization Service District Office in Harlingen, TX, in connection with his Application for Cancellation of Removal. The 2003 BIA decision (Exhibit A) denies an immigration merits hearing on a fee-paid application made when he had no aggravated felony charge on the NTA nor a conviction for same under immigration law, and so was statutorily eligible for the requested relief, cancellation of removal.

### V. PRAYER

Wherefore, the Petitioner pays that this Court grant the following:

1) Assume jurisdiction over this matter;

2) Stay any removal of Petitioner;

3) Declare the BIA Decision of March 2003 void and unlawful and set it aside;

4) Order that Petitioner's immigration case be reopened and that Petitioner be granted a cancellation of removal merits hearing or terminate proceedings;

5) Order that Petitioner's legal permanent residency card be returned to him; and

6) Grant any other relief which this Court deems just and proper.

Respectfully Submitted,

*[signature]*

Paula S. Waddle, Attorney in Charge
South Texas Immigration Council
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434(fax)
State Bar No 26030400
Fed. I.D. No. 5674

## VERIFICATION

I, Paula S. Waddle, hereby certify that I am familiar with the removal case of the named Petitioner, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

*[signature]*

Paula S. Waddle
April 7, 2003

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was mailed FIRST CLASS MAIL to Ms. Lisa Putnam, SAUSA, DHS District Office, at 1701 Zoy, Harlingen, Texas 78550, on the 8th day of April, 2003.

*[signature]*

Paula S. Waddle

U.S. Department of Justice
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A41 634 504 - Harlingen                    Date:

In re: OSCAR ALBERTO GONZALEZ-BARRAJAS          MAR 06 2003

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Margarita Morena, Esquire

ON BEHALF OF SERVICE:       Lisa M. Peterson
                            Assistant District Counsel

CHARGE:

   Notice:  Sec.  237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                  Convicted of aggravated felony

            Sec.  237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
                  Convicted of controlled substance violation

APPLICATION: Termination of proceedings; cancellation of removal

   The Immigration and Naturalization Service ("Service") appeals from an Immigration Judge's February 22, 1999, termination of proceedings for a native and citizen of Mexico who was convicted for possession of a controlled substance in violation of Texas law. The appeal will be sustained.

   On March 30, 1988, the respondent entered the United States as a lawful permanent resident. On September 16, 1997, the respondent was convicted of possession of marijuana, a felony of the third degree in violation of section 481.121 of the Texas Controlled Substances Act. The respondent was placed on probation for five years. The Service charged the respondent as removable for having been convicted of an aggravated felony and a controlled substance violation. *See* section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii); section 237(a)(2)(B)(i) of the Act, 8 U.S.C. § 1227(a)(2)(B)(i). The Immigration Judge found that the respondent was not removable as an aggravated felon but that he was removable for a controlled substance violation. *See* I.J. at 2. However, the Immigration Judge terminated the proceedings pursuant to *Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995), which held that any alien who has been accorded rehabilitative treatment pursuant to a state statute will not be deported if he establishes


EXHIBIT A

A41-634-504

that he would have been eligible for federal first offender treatment under the provisions of 18 U.S.C. § 3607(a) (1988) had he been prosecuted under federal law.[1]

Subsequent to the Immigration Judge's decision, this Board held in *Matter of Roldan*, 22 I&N Dec. 512 (BIA 1999), that the policy exception in *Matter of Manrique, supra,* is superseded by the enactment of section 101(a)(48)(A), which gives no effect to state rehabilitative actions in immigration proceedings. Accordingly, the Immigration Judge's decision to terminate proceedings pursuant to the policy exception in *Matter of Manrique, supra,* is reversed and proceedings are reinstated.

We now turn to whether the respondent is removable for having been convicted of a controlled substance violation and/or an aggravated felony. The Immigration Judge found the respondent removable for having been convicted of a controlled substance. *See* I.J. at 2. Further, the respondent admits that he was convicted "for intentionally and knowingly possessing a usable quantity of marijuana in an amount of fifty pounds or less but more than five pounds. . . ." Respondent's Brief at 6. Accordingly, we affirm the Immigration Judge's decision that the respondent is removable for having been convicted of a controlled substance violation.

The Immigration Judge found that the respondent was not removable for having been convicted of an aggravated felony. *See* I.J. at 2. We disagree. A drug conviction is an aggravated felony if an alien is convicted of illicit trafficking in a controlled substance or a drug trafficking crime as defined in 8 U.S.C. § 924(c)(2). *See* section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B).

In *Matter of Yanez*, 23 I&N Dec. 390 (BIA 2002), we held that this Board will defer to authority from the federal circuit courts of appeals to determine whether a state drug offense constitutes a "drug trafficking crime," such that it is an "aggravated felony." *Id.* at 394. The United States Court of Appeals for the Fifth Circuit, in which this case arises, held that a drug trafficking crime encompasses two separate elements: (1) that the offense be punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.); and (2) that the offense be a felony under the law of the relevant state, even if the same offense would be punishable only as a misdemeanor under federal law. *United States v. Hinojosa-Lopez*, 130 F.3d 691 (5th Cir. 1997).

As to the first requirement, the Fifth Circuit recognized in *United States v. Hinojosa-Lopez, supra,* that simple possession of marijuana is punishable under the Controlled Substances Act. As

---

[1] The respondent was eligible for termination under *Matter of Manrique, supra,* because he did not have any prior convictions dealing with a controlled substance, he did not have any prior rehabilitative treatment bestowed upon him, and he was on probation, which is a state rehabilitative treatment program. *See* I..J. at 2.

2

A41 634 504

to the second requirement, the respondent's conviction is a felony under Texas law. *See* Exh. 3. Accordingly, we find the respondent removable for having been convicted of an aggravated felony.

Finally, we note that at the time of the hearing the respondent had also filed for cancellation of removal pursuant to section 240(A)(a) of the Act, 8 U.S.C. § 1229b. The Immigration Judge did not find it necessary to discuss this form of relief due to the respondent's eligibility for termination under *Matter of Manrique, supra*. Because we find that the respondent was convicted of an aggravated felony he is ineligible for this form of relief. *See* section 240(A)(a)(3).

Based on the foregoing, the respondent is removable for having been convicted of a controlled substance violation and an aggravated felony and is ineligible for cancellation of removal.

Accordingly, the following orders will be entered.

ORDER: The Immigration Judge's decision to terminate proceedings is reversed and proceedings are reinstated.

FURTHER ORDER: The appeal is sustained.

FURTHER ORDER: The respondent is removable as charged.

_____
FOR THE BOARD

3

In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A41 634 504

In the Matter of:

Respondent: Oscar Alberto GONZALEZ-Barrajas

| 2651 Cottage | Brownsville | Texas | 78521 | 956-504-6721 |
|---|---|---|---|---|
| (Number, street, city, state and ZIP code) | | | | (Area code and phone number) |

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons below.

The Service alleges that you:

1. You are not a citizen or national of the United States
2. You are a native of __Mexico__ and citizen of __Mexico__;
3. You were admitted to the United States at __Brownsville, Texas__ on or about __March 30, 1988__ as an __Immigrant__;
4. You were on September 16, 1997 convicted in the 105th Judicial District Court of Texas at Kingsville, Texas for the offense of POSSESSION OF MARIJUANA, a FELONY OF THE THIRD DEGREE.

On the basis of the foregoing, it is charged that you are subject to removal from the United states pursuant to the following provision(s) of law:

Section 237(a)(2)(B)(i) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:   ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

201 East Jackson Street, Harlingen, Tx. 78550
(Complete Address of Immigration Court, including Room Number, if any)

on __February 17, 1998__ at __8:30 AM__ to show why you should not be removed from the United States based on the charge(s) set forth above.

(Date) (Time)

Alfredo Borrego Jr.
Patrol Agent In Charge
(Signature and Title of Issuing Officer)

**EXHIBIT B**

Date: __November 14, 1997__

Kingsville, Texas
(City and State)

See reverse for important information