UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 8 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| OSCAR A. GONZALEZ-BARAJAS ) | |
| ) | |
| v. ) | C.A. No. B-03-067 |
| ) | |
| PHILIP D. TUTAK, DHS INT. DISTRICT ) | INS A No. 41 634 504 |
| DIR. FOR INTERIOR ENFORCMENT, ) | |
| and ) | |
| JOHN ASHCROFT, ATTORNEY ) | |
| GENERAL OF THE UNITED STATES. ) | |

## UNOPPOSED MOTION TO PERMIT BRIEFING ON THE IMPACT OF THE REAL ID ACT OF 2005

Mr. Oscar Gonzalez-Barajas, Petitioner, files this unopposed Motion to Permit Briefing on the Impact of the Newly Enacted Real ID Act of 2005, and shows as follows:

1. On May 11, 2005, the Real ID Act of 2005, Pub. L. 109-13, 119 Stat. 231 was enacted into law. Section 106(a) of the new law purports to eliminate habeas corpus jurisdiction over challenges to final orders of removal, deportation or exclusion. This change is a fundamental one, departing significantly from the historical role of habeas corpus in reviewing the legality of executive detention and decisions. As the Supreme Court stated in the *INS v. St. Cyr* decision, 533 U.S. 289, 364-65(2001), "[t]he writ of habeas corpus has always been available to review the legality of executive detention." The REAL ID Act further requires that the U.S. district court transfer pending habeas corpus petitions (or part of the case) challenging final orders of removal to the court of appeals. REAL ID §106(c). By its very terms, it seems to state that transfer in some cases, or for some part of a case, may be inappropriate in certain cases.

2. Petitioner's counsel files this unopposed Motion for Time to Brief for the following reason: Petitioner requests this Court's permission to brief whether and, if

so, how the REAL ID Act's provision relate to the instant case; specifically, whether transfer is appropriate, and, if so, whether there are any novel or complex issues presented which impact this case, whether any constitutional issues remain, and/or whether the transfer would apply to all or part of the case. Counsel believes that approximately sixty (60) days would be sufficient for this purpose.

3. Petitioner's counsel further alleges that briefing by the parties at this stage is in the interest of judicial economy.

## Certificate of Conference

4. Prior to the filing of this Motion, Petitioner's counsel spoke with counsel for Respondents, Ms. Lisa Putnam, who indicated that the government is not opposed to this Motion.

Wherefore, Counsel for Petitioner requests that this court grant this request to brief the impact of the REAL ID of at least sixty (60) days, and such other and further relief as is necessary.


Respectfully Submitted,


_____
Paula S. Waddle, Attorney
4793 W. Expressway 83
Harlingen, TX 78552
(956) 425-6987
(956) 425-7434(fax)
Tx. SB No 26030400
U.S. So. Dist. Tx. Fed. I.D. No. 5674

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of this Motion was mailed first class mail to, Ms. Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas 78551, on the 16th day of August, 2005.

*[signature]*

Paula S. Waddle